# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 6, 2012

Robert P. Young, Jr.,
Chief Justice

Rehearing No. 583

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

142537

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                    SC: 142537
                                      COA: 289343
                                      Oakland CC: 2008-219989-FH

MALINI RAO,
      Defendant-Appellee.

_____/

On order of the Court, the motion for rehearing is considered, and it is DENIED.

YOUNG, C.J. (*concurring*).

I concur fully in the denial of defendant's motion for rehearing, but write briefly to respond to defendant's claim that the proffered evidence was "exculpatory," leading to the conclusion that "there has been a wrongful conviction in this case."

As indicated in the trial court's opinion and order denying defendant's motion for a new trial, the "newly discovered evidence" at issue was exhibits J,[1] K,[2] and L.[3] While the actual x-ray films were submitted as an exhibit,[4] it is patently obvious that the proper interpretation of radiological films, and the clinical significance of that interpretation, lay well beyond the understanding and competence of an untrained layman, thus necessitating the use of expert medical opinion[5] to support defendant's claim of exculpatory evidence.

---

[1] Exhibit J was the radiology report of Dr. Gibson dated May 6, 2009.

[2] Exhibit K consisted of the x-ray films of the victim dated May 6, 2009.

[3] Exhibit L was the supplemental report of Dr. Rothfeder dated June 11, 2009. Dr. Rothfeder was one of several medical experts who testified for the defense at defendant's trial.

[4] See MRE 703.

[5] See MRE 702 (stating that an expert witness may testify "[i]f the court determines that scientific, technical, or other specialized knowledge will *assist the trier of fact to understand the evidence or to determine a fact in issue*") (emphasis added); *People v Smith*, 425 Mich 98, 106 (1986) (stating that whether the use of an expert is proper "is to

However, the Court of Appeals *specifically disavowed* that exhibit L, the supplemental report of Dr. Rothfeder, provided the basis for reversing the trial court's order denying defendant's motion for a new trial. The Court of Appeals stated that "the newly discovered evidence consists of the condition of [RS's] ribs as revealed in the 2009 skeletal survey, *not Rothfeder's report*."[6]

This leaves exhibit J, the radiology report of Dr. Gibson, as the sole basis for the Court of Appeals' conclusion that the 2009 skeletal survey "shatter[ed] the scientific cornerstone of the prosecution's evidence that the rib abnormalities were consistent only with fractures, and not an underlying bone abnormality."[7]  However, this conclusion is not remotely consistent with Dr. Gibson's report. The report states that on May 6, 2009 (18 months after the child was removed from the home and 10 months after defendant's trial concluded), the victim had some irregularities and abnormalities on several of her ribs "*which may be due to old fractures*."  The report provides no basis to conclude that the "irregularities" and "abnormalities" were indicative of metabolic bone disease. Moreover, when Dr. Rothfeder's supplemental report indicated that the 2009 skeletal survey suggested metabolic bone disease, Dr. Gibson's follow-up correspondence was blunt and clear, removing any lingering doubt regarding his medical opinion: "The changes in the ribs described in my report could be accounted for on the basis of past trauma.  I did not, in my opinion, *see any evidence on the films to suggest metabolic bone disease*."

Thus, contrary to the assertions of defendant and the conclusion of the Court of Appeals, the evidence relied on by defendant was not exculpatory.  I fully concur in the denial of defendant's motion for rehearing.

---

be determined on the basis of assisting the trier" and is a "common sense inquiry" that considers "whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue" without the expert's assistance) (citation and quotation marks omitted).

[6] *People v Rao*, unpublished opinion per curiam of the Court of Appeals, issued December 7, 2010 (Docket No. 289343), p 9 (emphasis added).

[7] *Id*. at 10.

MARILYN KELLY and HATHAWAY, JJ., would grant rehearing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 6, 2012

_____
Clerk

t0703